## No. 407

### First Circuit

## EDUCATIONAL FINANCE CORP. v. PENINGTON ET AL.

(February 13, 1929. Opinion and Decree.)

A. J. Finney, of Covington, attorney for plaintiff, appellant.

Burns and Burns, of Covington, attorneys for defendant, appellee.

LECHE, J. Plaintiff obtained a personal judgment against both of the defendants in the sum of one hundred and forty-one 54/100 ₑdollars on June 15, 1926. After the legal delays had expired, it then secured a writ of fi. fa. upon its judgment. Believing that defendants had funds on deposit in a bank, situated in Madisonville, it obtained garnishment process which was served upon T. B. Farrar, an employee of said bank, May 30, 1928. Farrar answered the interrogatories June 4, 1928, and though the answer was neither signed nor sworn to, it admitted that the bank in Madisonville held for account of one of the defendants, the amount of four cents, and for account of the other, fifteen 54/100 dollars.

The domicile of the garnishee is at Covington, the parish seat of the Parish of St. Tammany, and the service was made some ten miles from Covington, at Madisonville, also situated in the Parish of St. Tammany, where the garnishee conducts a branch bank. The service of the interrogatories was made upon T. B. Farrar, indifferently called a clerk or manager of the Madisonville branch of the Covington Bank & Trust Company, garnishee. On July 10, 1928, plaintiff ruled garnishee into Court to show cause why judgment should not be rendered against it for the full amount of the writ, for having failed to answer the process within the legal delays. That service was made upon Ethel Oulibert also in the branch bank at Mandisonville. The rule was heard, and garnishee was discharged from any liability on October 24, 1928. From this judgment plaintiff prosecutes the present appeal.

On being served with the rule by plaintiff, to show cause why the interrogatories should not be taken pro confessis, the Covington Bank & Trust Company appeared through counsel and excepted to the service of the notice of seizure, citation, motion and interrogatories as illegal, for the reason that the domicile of said bank is in the town of Covington, St. Tammany Parish, and not in the town of Madisonville; that the executive officers of said bank are in the bank at Covington where it can legally be served at any time.

The Sheriff's returns show that services were made at Madisonville, where the branch bank is located. The service of interrogatories was made upon T. B. Farrar and the rule was served upon Ethel Ouli-

bert, said to be assistant cashier of the branch bank at Madisonville, in the Parish of St. Tammany.

According to the provisions of Act 179, page 335 of 1918, the last statute on the subject of service of legal process upon corporations, service may be made upon the officer designated in the charter of such corporation. In the record of this case, the charter is noted as having been offered in evidence, but we fail to find it. It is not pretended however, except inferentially in argument, that either Farrar or Ethel Oulibert were officers designated in the charter, for the purpose of receiving legal process. Farrar was in charge of the Madisonville Branch of the Covington Bank & Trust Company. It is not shown how far his authority extended, although the infer· ence is irresistible that he had the authority to receive deposits and to pay the checks of depositors, but that does not mean that he had the right to receive process or to answer the same, in litigation directed against the corporation. Such a power must be expressly conferred either by the charter or by statute. According to paragraph (b) of subsection (5) of Section 1 of the Act of 1918, service may be made upon any other regularly employed officer, agent or employee of the corporation found in the domiciliary office of the corporation * * *, when the officer, director or agent designated in the charter cannot be found. Of course such a condition does not exist in this case. It is not questioned that an officer clothed with authority to receive process might have been found in the domiciliary office of the garnishee bank at Covington.

Our opinion then is that neither of the services made upon the employees of the Covington Bank & Trust Company, garnishee, at the branch bank of said garnishee at Madisonville were sufficient to justify a judgment against said garnishee and, it is therefore ordered that the judgment appealed from be affirmed.